# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BEATON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 1:19-cv-00917-JLT (PC)<br><br>**ORDER STRIKING PLAINTIFF'S CERTIFICATE OF SERVICE AND ADDRESSING PLAINTIFF'S MOTION TO AMEND**<br><br>(Docs 7, 8) |

     On July 30, 2019, Plaintiff filed a motion indicating that he attempted to file eleven complaints which were all returned to him by the Clerk's Office after being classified as letters. (Doc. 8.) Plaintiff indicates that he is resubmitting the documents and intends each page of his motion to be a complaint. (*Id.*)

     To the extent that Plaintiff desires to amend his pleadings in this action, he may amend once as a matter of right before service of a responsive pleading by defendants. Fed. R. Civ. P. 15(a). Because Plaintiff has not previously amended his complaint and a responsive pleading has not been filed, he may file an amended complaint without permission from the Court. Plaintiff is informed that he must file an entirely new pleading as an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and the amended complaint must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. If Plaintiff files an

1

amended complaint, it will be placed in line for screening in place of his original Complaint. If Plaintiff does not file an amended complaint, his original Complaint will be screened accordingly.

If Plaintiff does not desire to file an amended pleading in this action, he may initiate new actions. To do so, Plaintiff must file documents clearly identified as complaints. It would be best if Plaintiff were to utilize the civil rights complaint form, such as that provided by the Clerk's Office to Plaintiff with this order.

Further, the Court notes that Plaintiff filed a document which appears to be a proof of service for mailing a summons to the "VSP Mail Box." (Doc. 7.) However, as stated in the First Informational Order:

> A pro se plaintiff may not proceed with legal action against a governmental entity or individual in this Court until the Court screens the pro se plaintiff's complaint and finds that it states a cognizable claim against named defendants. If the Court does find a cognizable claim and the plaintiff is proceeding in forma pauperis, the Court will direct the United States Marshal to initiate service of the complaint on defendants. 24 28 U.S.C. § 1915(d).

(Doc. 3, p. 3.) Plaintiff's complaint is in line but has yet to be screened. Service on any defendant is premature. If service becomes appropriate, the Court will order service to be madeby the U.S. Marshal's service.

Accordingly, the Court ORDERS:

1. Plaintiff's motion to amend, filed July 20, 2019 (Doc. 8), is **DISREGARDED** as unnecessary;

2. Plaintiff's certificate of service, filed July 19, 2019 (Doc. 7), is **STRICKEN**;

3. The Clerk's Office is directed to send Plaintiff a civil rights complaint form.

IT IS SO ORDERED.

Dated: **August 21, 2019**             /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

2