UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:19-cv-00917-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Plaintiff alleges a correctional officer subjected him to cruel and unusual punishment and discrimination. (Doc. 24.) The Court finds that Plaintiff's operative, third amended complaint fails to state a claim on which relief can be granted. Given that Plaintiff has received two opportunities to amend (*see* Docs. 11, 16), the Court finds that further amendment would be futile and therefore recommends that this action be dismissed. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

///

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Factual Allegations

Plaintiff alleges that Correctional Officer McKesson denied him breakfast before transporting him to the hospital on two occasions. (Doc. 24 at 2, 4, 6.) Plaintiff states that he presented his medical "chronos" to Officer McKesson, which "reads on one of the pages do not skip any dose of medicine." (*Id.* at 2.) Upon reading the chronos, McKesson stated, "you're not disable[d]." (*Id.* at 4.) Plaintiff also alleges that McKesson gave him "a hard time" about using the bathroom before one of the trips. (*Id.* at 7, 8.) Plaintiff states that McKesson "did not respect[] [his] no bending medical chrono" and "tr[ied] to force [him to] bend[]" during the second trip but Plaintiff "refused." (*Id.* at 4, 6, 8.) Lastly, Plaintiff alleges that, while at the hospital, McKesson lifted him up from his wheelchair "and with irritation force and violence drop[ped] [him] [o]nto a cage sitting [him] down." (*Id.* at 4, 9.)

### B. Claims for Relief

#### 1. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the [Cruel and Unusual Punishments Clause of the] Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take

3

reasonable measures to guarantee the safety of … inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).

"In order to establish … [an Eighth Amendment] violation, [p]laintiffs must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, plaintiffs must show that their alleged deprivation is "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation and internal quotation marks omitted). To be sufficiently serious, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, plaintiffs must show that the prison official was deliberately indifferent to their health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff does not state a cognizable claim of deliberate indifference. First, Plaintiff does not satisfy the objective prong because he does not show that he suffered a serious deprivation. The Court acknowledges that if prison officials regularly denied Plaintiff meals or a wheelchair, such may constitute cruel and unusual punishment. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) ("circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred") (internal quotation marks and citation omitted). However, not receiving breakfast on only two occasions, and being forced to sit on a cage instead of a wheelchair on two occasions, are not sufficiently serious deprivations to implicate the Eighth Amendment. *Cf. Hearns*, 413 F.3d at 1042-43. Likewise, Defendant's allegedly giving Plaintiff a "hard time" about using the bathroom before a trip to the

hospital and "ask[ing] [him] to … bend over" (Doc. 24 at 6, 7) do not rise to the level of constitutional violations.

Second, even if the deprivations were sufficiently serious, Plaintiff does not satisfy the subjective prong because he does not show that Defendant was deliberately indifferent to his health or safety. Plaintiff states that he provided his medical chronos to Officer McKesson (Doc. 24 at 2), but his allegations do not show that McKesson was aware of a substantial risk of serious harm to Plaintiff if he twice denied him breakfast before transporting him to a hospital, or sat him on a "cage" instead of a wheelchair while at the hospital. Plaintiff's allegations do not meet the high standard of deliberate indifference.

### 2. Excessive Force

The "unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7.

Plaintiff alleges that Officer McKesson lifted him out of a wheelchair and "with irritation force and violence drop[ped] [him] [o]nto a cage sitting [him] down." (Doc. 24 at 9.) But he provides insufficient facts to show that the officer used excessive or unnecessary force, or that he used force for the very purpose of causing harm. Moreover, Plaintiff does not allege that he was harmed him in anyway during the "cage" incidents. Although prisoners need not show that they suffered serious injury to state an excessive force claim, the "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Despite Plaintiff's use of descriptors like "inhuman" and "extreme violence" (Doc. 24 at 4, 6, 9), his allegations do not show that Defendant's use of force was more than *de minimis*. Plaintiff, therefore, does not state a cognizable excessive force claim.

3. Equal Protection

"The Equal Protection Clause [of the Fourteenth Amendment] requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). To state an equal protection claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis removed) (citation omitted).

"The first step in equal protection analysis is to identify the state's classification of groups." *Country Classic Dairies, Inc. v. State of Mont., Dep't of Commerce Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). "To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995).

"The next step … [is] to determine the level of scrutiny." *Country Classic Dairies*, 847 F.2d at 595. "Classifications based on race," for example, "are subject to strict scrutiny," *Freeman*, 68 F.3d at 1187, whereas classifications based on gender are subject to "intermediate

scrutiny," *Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995) (citations omitted). Classifications not based on a "suspect" class like race or gender are subject to "rational-basis review." *Romer v. Evans*, 517 U.S. 620, 631 (1996); *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993) (citations omitted). Under this standard, a classification must have a rational relationship to a legitimate state interest in order to comply with the Equal Protection Clause. *See Romer*, 517 U.S. at 631-32.

If an action does not involve an identifiable class, a plaintiff may still establish an equal protection claim if she "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted); *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008).

Plaintiff alleges Defendant discriminated against him because of his disability and "acted with an intent to discriminate against [him] base[d] upon [his] membership in a protected class." (Doc. 24 at 4-5.) Plaintiff provides no facts to support this claim, i.e., he provides no facts to show that Defendant treated him differently than non-disabled prisoners or that Defendant denied him breakfast, forced him to sit on a "cage," or did anything else *because of* his disability. As the Court explained in its screening orders, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

### IV.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Plaintiff's third amended complaint (Doc. 24) fails to state a claim on which relief can be granted. Given Plaintiff's two prior opportunities to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS** that this action be dismissed with prejudice for failure to state a claim. The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **July 16, 2020**                              **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE